**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-01243-001-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Bert Leonard Summer, | |
| Defendant. | |

Before the Court is Defendant Bert Leonard Summer's "Motion to Appoint Counsel, Motion to Reduce Sentence or For Early Release – First Step Act (COVID 19)." (Doc. 82.) The motion is fully briefed and, for reasons described below, is denied.

**I.    Background**

Defendant was convicted of one count of Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a), 2251(e), and 2256 and was sentenced to 15 years of imprisonment, to be followed by lifetime supervised release. (Doc. 75.) Defendant has served approximately one third of his sentence.

Defendant contracted COVID-19 in May 2020. (Doc. 93 at 2-3.) The medical records indicate that he had a mild case and recovered. (*Id.*) Defendant disagrees that he had a mild case and explains the poor medical care is exemplified by the medical records that incorrectly reflect his actual condition. (Doc. 99 at 3.) Defendant received two doses of a COVID-19 vaccine in March 2021, but apparently has not received a booster

shot.

The Government concedes that Defendant has several health factors that put him at high risk of experiencing a serious outcome if he becomes re-infected with COVID-19. Defendant is now 62 years old and a former smoker. He is overweight (BMI 29.3), has Type II diabetes, hypertension, coronary artery disease, arthritis, ulcers, and neuropathy.

## II. Legal Standard

Compassionate release is a rare exception to the rule that the sentencing court is not permitted to modify a sentence of imprisonment after sentencing. 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824-25 (2010). After first exhausting his administrative remedies, 18 U.S.C. § 3582(c)(1)(A), a defendant has the burden of proving eligibility for sentence reduction. *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). A sentence reduction requires, among other things, a finding of "extraordinary and compelling reasons warrant[ing] such a reduction." 18 U.S.C. § 3582(c)(1)(A).

## III. Discussion

The Government agrees that Defendant has exhausted his administrative remedies, but disputes whether "extraordinary and compelling reasons" warrant a reduction. (Doc. 93 at 6-11.) The Government notes that Defendant has been vaccinated and has already contracted COVID-19. The Government also explains the preventive measures taken by the Bureau of Prisons ("BOP") to protect inmates from exposure.

Defendant disagrees with the Government's assertions about the effectiveness of the measures taken by the BOP to protect inmates from contracting the disease. He also argues that the Government's assumption that his vaccinations and prior infection make him unlikely to contract a serious case of COVID-19.

It is well established that the prison environment has inherent exposure risk that can, to some degree, be mitigated[1] but cannot be eliminated. Since the beginning of the

---

[1] Defendant contends that despite the representations of the Government, the mitigation measures have not occurred in his facilities and whatever measures have been employed were ineffective. (Doc. 99 at 4-5.)

pandemic, the BOP has had a spotty record of success in protecting inmates from COVID-19. However, the medical evidence overwhelming has shown the effectiveness of the vaccine in reducing the risk of a serious illness from COVID-19. (Doc. 93 at 10.) With Defendant's pre-existing morbidities and his age, he nonetheless is at higher risk than a person without those conditions. Break-through cases of COVID-19 are not uncommon. Defendant points to the recent death of Colin Powell as an example. (Doc. 99 at 11.) But, as Defendant recognized, General Powell was 84 and immunocompromised. (Elderly, immunocompromised individuals have been shown to be at risk of serious complications even if vaccinated.) Although he speculates, Defendant has not shown that he is immunocompromised. He states, "who's to say I'm not compromised?" (Doc. 99 at 11.) Asking the question is not evidence and does meet the required burden of proof.

Defendant notes the biggest risk of infection comes from staff, whose vaccination rate has lagged significantly behind that of the inmates themselves. (Doc. 99 at 4-5.) As an example, Defendant discusses inmates being infected by staff members who brought the virus into a dorm. (Doc. 99 at 12.) The risk of infection to a 62-year-old man who is in prison with preexisting morbidities by being exposed to younger staff members who may be infected with no symptoms, a large percentage of whom are unvaccinated, could be an extraordinary and compelling reason as intended by 18 U.S.C. § 3582(c)(1)(A), if Defendant was immunocompromised. However, Defendant acknowledges that because the vaccination rate for staff will soon improve as the federal vaccination mandate is implemented, his concern over unvaccinated staff will dissipate. (Doc. 99 at 4.)

Defendant expresses concern that the next variant of the virus will not be dealt with well by his faciality, exposing him to more risk and punishment. Defendant is correct that other variants of the virus are possible, but Defendant has not shown that his vaccination is likely to provide significantly less protection to him, staff, or other inmates against any new variant or that he is likely to be exposed to a new variant that is likely to be more infectious or cause significantly worse outcomes than the current variants.

Finally, Defendant argues that he is not a danger to the public. The Court disagrees. The Court finds that Defendant is a risk to the public and considers that factor in making this ruling. The nature of his offenses and the "Current MAJOR Fantasy" to "fuck a little girl" authored by Defendant are evidence of the risk he poses to the public. (Doc. 93 at 2.) Defendant has not shown that he has been rehabilitated. There is no showing that he has taken extensive sex offender rehabilitation courses, implemented a strategy for rehabilitation, or a means or method of protecting the public. He has not provided the Court with a recent risk assessment.

Defendant has failed to establish extraordinary and compelling reasons for his early release. Defendant also seeks the appointment of counsel. The Court previously denied that request. (Doc. 98.) Defendant's new Motion to Appoint Counsel does not present new evidence or a mistake in the law that warrants the Court's reconsideration of its previous order.

**IT IS ORDERED** that Defendant's "Motion to Appoint Counsel, Motion to Reduce Sentence or For Early Release – First Step Act (COVID 19)" (Doc. 82) is **DENIED**.

Dated this 1st day of December, 2021.

Douglas L. Rayes
United States District Judge